SUMMARY ORDER
Terence Henderson appeals in this action pursuant to 42 U.S.C. § 1983 to recover damages for an unconstitutional stop of Henderson’s car by Greenwich police officers. The district court denied Henderson’s motions for summary judgment and for sanctions and granted the defendant’s cross-motion for summary judgment. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented for review.
“We review a district court’s grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [that party’s] favor.” Mathirampuzha v. Potter, 548 F.3d 70, 74 (2d Cir.2008) (internal quotation marks omitted). Summary judgment “should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
We conclude that summary judgment was properly granted in favor of the town and against Henderson. The section 1983 liability of municipalities is governed by Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court in Monell held that municipalities can be sued for constitutional torts only if “the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body’s officers,” or “pursuant to governmental ‘custom’ even though such a custom has not received formal approval through the body’s official decisionmaking channels.” Id. at 690, 691, 98 S.Ct. 2018. The record contains no evidence that Henderson’s illegal car stop was the product of town policy or custom.
Henderson argues principally that the illegal stop itself establishes a genuine issue of fact as to a policy or custom. But it does not: “Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell.” Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Nor did Henderson’s criminal prosecution — the proceeding at which it was determined that the car stop was illegal — involve any determination of policy or custom.
The motion for sanctions was properly denied by the district court. Henderson argues that the defendant violated Federal Rule of Civil Procedure 11 by denying that he was illegally stopped. Directing our attention to a court’s finding to the contrary during his criminal prosecution, he contends that the earlier finding carries over to this litigation under the principles of collateral estoppel. But “ [collateral estoppel does not apply where the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court.” Allen v. McCurry, 449 U.S. 90, 101, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Here, because the town was not a party to the federal prosecution of Henderson, it had no opportunity to litigate the legality of Henderson’s stop. *48 The town therefore did not violate Rule 11 by denying that the stop was illegal.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.